**Fred WARD and Shirley Ward,**
**Appellees,**

**v.**

**BANQUET FOODS CORPORATION,**
**Appellant.**

**No. 73-1402.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1973.

Decided Dec. 7, 1973.

Robert D. Cabe, Little Rock, Ark., for appellant.

Henry Woods, Little Rock, Ark., for appellees.

Before GIBSON, LAY and HEANEY, Circuit Judges.

PER CURIAM.

This is an appeal in a negligence action which resulted in a judgment for money damages for personal injury suffered by the plaintiff, Fred Ward.  Diversity of citizenship of the parties is conceded.  Defendant asserts on appeal that plaintiff's proof did not make a

---

1. See, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and United States v. Moreno, 475 F.2d 44 (5th Cir. 1973).

submissible issue for the jury with respect to defendant's negligence under applicable Arkansas law. The trial court overruled defendant's motion for a directed verdict.

 Upon review of the overall record and the law we find no error in the trial judge's ruling and affirm the judgment of the district court. See Eighth Circuit Rule 14.[1]

Judgment affirmed.

---

1. Defendant moved for a directed verdict at the close of the plaintiff's evidence as well as at the conclusion of its own case. The trial court reserved ruling on the motions until after the verdict, at which time he announced that the motions would be overruled and judgment entered on the verdict. It is doubtful from the record whether counsel moved for a judgment notwithstanding the verdict pursuant to Federal Rule of Civil Procedure 50(b). Failure to do so deprives this court of the power to pass on the sufficiency of evidence question raised on the motions for a directed verdict. See Johnson v. New York, New Haven & Hartford R.R., 344 U.S. 48, 73 S.Ct. 125, 97 L.Ed. 77 (1952); 9 C. Wright & A. Miller, Federal

Practice and Procedure § 2537 at 596, 604 (1971). In the instant case, counsel announced in open court, after the district judge directed the clerk to enter judgment on the verdict, that the defendant wished to "renew all motions for directed verdicts." Although we think this may fall short of serving as a motion for judgment notwithstanding the verdict, we assume for purposes of our decision that there was compliance with Rule 50 of the Federal Rules of Civil Procedure and decide the case on its merits.